# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3006-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TONY HAILE, a/k/a
LAMONT HAILE,
LAMONT WILLIAMS, and
LAMONT WILL,

     Defendant-Appellant.

_____

Submitted June 2, 2022 – Decided June 27, 2022

Before Judges Mitterhoff and Alvarez.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-05-1585.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tony Haile appeals from the March 16, 2021 Law Division denial of his petition for post-conviction relief (PCR) based on ineffective assistance of counsel. We affirm.

On January 14, 2016, defendant was captured on security footage stabbing the victim, the mother of his two-year-old son, nine times in the abdomen. Her children, including defendant's child, were present. The stabbing occurred outside of her building as she was going up steps. Fortunately, she survived.

Defendant was indicted in ten counts ranging from first-degree attempted murder to fourth-degree certain persons not to have weapons. Count five charged defendant with third-degree aggravated assault. At the time of the crime, he was fifty years old and had thirteen indictable convictions, nine municipal court convictions, and two convictions in Maryland, spanning a thirty-year criminal history.

Defendant entered into a plea agreement requiring him to plead guilty to count five, amended from third-degree aggravated assault to second-degree aggravated assault. N.J.S.A. 2C:12-1(b)(1). All the other counts in the indictment would be dismissed. The agreement called for the judge to sentence defendant as an extended term offender, N.J.S.A. 2C:44-3, to eighteen years

imprisonment subject to the No Early Release Act's eighty-five percent parole ineligibility provision. N.J.S.A. 2C:43-7.2. The judge reviewed the terms of the agreement on the record with counsel, including the fact that defendant was pleading to a second-degree amended charge.

Defendant's earlier excessive sentence appeal raised precisely the same issue raised in his PCR petition and on appeal of the denial. See R. 2:10-3. Counsel argued at the excessive sentence appeal that his agreement calling for a guilty plea to a charge amended upwards was improper, relying on State v. Dorn, 233 N.J. 81 (2018), for the proposition that defendant had the right to have the matter presented to a grand jury. He claimed the right to have waiver paperwork presented as would be the case when a defendant proceeds by way of accusation. The prosecutor disagreed, distinguishing Dorn on the basis that in that case, a charge was amended the day before the defendant's trial over his objection—which had a self-evident negative impact on his ability to prepare due to the lack of notice. Additionally, in contrast with Dorn, the second-degree aggravated assault in this case was actually a lesser-included of the first-degree attempted murder also charged in this indictment. Defendant was thus on notice of the State's proofs, statutory elements of the various offenses, and his options. The excessive sentence panel denied the appeal. The order states:

A-3006-20

We reject defendant's argument based on State v. Dorn, 233 N.J. 81 (2018). Unlike that case, defendant did not object to the amendment of the charge, knowingly pled guilty to the charge with an adequate factual basis, and obtained the benefit of the negotiated plea based upon the amended count.

The judge who decided the PCR petition found defendant met neither prong of the ineffective assistance of counsel test pursuant to Strickland v. Washington, 466 U.S. 668, 687 (1984). He considered the negotiated plea to be the product of competent representation as the proofs were overwhelming, and in light of defendant's record, the plea bargain was eminently favorable. In addition, there was no reason to believe, given defendant's exposure to a life sentence if convicted of attempted murder, that he would have tried the matter. In light of his failure to meet the Strickland test, relief was denied. Furthermore, as the judge pointed out, pursuant to Rule 3:22-5, the issue was previously addressed on appeal, thus defendant was barred from raising it anew.

Now on appeal, defendant raises the following points:

POINT I

AS TRIAL COUNSEL FAILED TO INFORM DEFENDANT THAT HE HAD THE RIGHT TO AN INDICTMENT ON AMENDED COUNT FIVE, HE DID NOT INTELLIGENTLY, KNOWINGLY AND VOLUNTARILY ENTER A GUILTY PLEA.

A-3006-20

POINT II

AS DEFENDANT RAISED A CLAIM DISTINCT
FROM THAT RAISED ON APPEAL, HIS PCR
PETITION IS NOT PROCEDURALLY BARRED.

POINT III

AS THERE IS A GENUINE ISSUE OF MATERIAL
FACT IN DISPUTE THE MATTER SHOULD BE
REMANDED FOR AN EVIDENTIARY HEARING.

These arguments lack sufficient merit to warrant discussion in a written opinion.

R. 2:11-3(e)(2).

Rule 3:22-5 states that "[a] prior adjudication upon the merits of any

ground for relief is conclusive whether made in the proceedings resulting in the

conviction or in any post-conviction proceeding brought pursuant to this rule or

prior to the adoption thereof, or in any appeal taken from such proceedings." R.

3:22-5. This clearly bars grounds already adjudicated, rendering defendant's

claims procedurally improper. These claims were resolved by the excessive

sentence panel, and there is no difference between them and the arguments

currently raised.

Finally, to establish ineffective assistance of counsel in the context of a

plea agreement, a defendant must meet the second prong of Strickland by

demonstrating "a reasonable probability that, but for counsel's errors, [he or she]

would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nunez-Valdes, 200 N.J. 129, 139 (2009)). A defendant must also convince the court that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

A decision to reject this plea bargain in light of defendant's prior criminal history and overwhelming evidence for this offense would not have been reasonable. Because of his criminal history, defendant faced a real probability, if convicted of attempted murder, of a significantly lengthier term than eighteen years.

Defendant's bare allegation that he did not understand the nature of his plea is not only contradicted by the record, but also inadequate to establish any prejudice. Even if we were to assume, which we do not, that he did not understand the procedural effect of the amendment, his decision to plead was reasonable in light of his sentence exposure. His attorney's representation fell well within the range of competence. Claiming not to have understood, or been fully informed, is nothing more than making a bald allegation that does not require an evidentiary hearing. See R. 3:22-10; State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (finding that "a petitioner must do more than

make bald assertions" to obtain an evidentiary hearing).   There was no probability that but for trial counsel's alleged omission defendant would have insisted on going to trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3006-20